IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ROBERT IRVIN STOREY, and
LETA M. STOREY                                                                              PLAINTIFFS

V.                                                      CIVIL ACTION NO. 3:16-CV-00194-NBB-RP

UNITED STATES OF AMERICA,
UNITED STATES OF AMERICA, d/b/a
Veterans Affairs Medical Center-Memphis                                                     DEFENDANTS

MEMORANDUM OPINION

Presently before the court is a motion to dismiss for lack of subject matter jurisdiction filed by the defendants. Upon due consideration of the motion, response, and applicable authority, the court is ready to rule.

Factual and Procedural Background

The plaintiffs, Robert and Leta Storey, bring this action pursuant to the Federal Tort Claims Act ("FTCA"). Robert alleges that the negligence of employees of the Veterans Affairs Medical Center ("VAMC") in Memphis, Tennessee caused him to sustain personal injuries.

From October 9, 2007 until November 8, 2013, VAMC employees allegedly prescribed Robert four (4) times the maximum allowable dosage of Rosuvastatin in combination with Gemfibrozil. Robert contends that this combination caused gallstones, cholecystitis, sepsis and pancreatitis, as well as hospitalizations on three separate occasions.

Leta, Robert's wife, asserts a derivative claim for loss of consortium and alleges that VAMC employees' actions caused her emotional pain and suffering. The defendants have filed the instant motion to dismiss for lack of jurisdiction as to Leta's claim only.

Standard of Review

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the court to hear a case." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). In determining a Rule 12(b)(1) motion, the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *King v. U.S. Dep't of Veterans Affairs*, 728 F.3d 410, 413 (5th Cir. 2013). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Id.* "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* The court may properly dismiss a claim for lack of subject matter jurisdiction if it determines that it lacks either the statutory or constitutional authority to adjudicate the claim. *Home Builders Ass'n v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

Analysis

In moving to dismiss for lack of jurisdiction, the defendants argues that Leta failed to exhaust her administrative remedies. It is well-settled that a plaintiff must first exhaust her administrative remedies prior to filing an action under the FTCA. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). The FTCA provides that "an action shall *not* be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency . . . ." 28 U.S.C. § 2675(a) (emphasis added). "Presentment of a claim to the appropriate agency and denial of that claim by the agency in writing . . . are prerequisites to a tort suit brought against the United States." *Flory v. U.S.*, 138 F.3d 157, 159 (5th Cir. 1998). Thus, a plaintiff's failure to comply with the presentment requirement deprives the court of subject matter jurisdiction. *Price v. U.S.*, 69 F.3d 46, 54 (5th Cir. 1995).

Defendants argue that Leta's claims should be dismissed because she undisputedly failed to submit a notice of claim with the relevant federal agency as required by the FTCA. Leta, however, argues that the FTCA's notice requirement was satisfied when Robert filed his administrative claim with the United States Department of Veterans Affairs ("USDVA"). According to Leta, "[b]ecause [her] claim is entirely derivative of [Robert's] claim for medical malpractice," the USDVA "had constructive notice, if not actual notice, of [her] claims."

The purpose behind the FTCA's notice requirement is "to ensure that the agency is apprised of the circumstances underlying the claim, so that the agency may conduct an investigation and respond to the claimant by settlement of defense." *Brown v. U.S.*, 838 F.2d 1157, 1160 (11th Cir. 1988) (citing *Adams v. U.S.*, 615 F.2d 284, 289 (5th Cir. 1980)). In the instant case, Leta was not identified as a claimant nor did she sign Robert's form. Further, Robert failed to include Leta's loss of consortium claim within his notice to the USDVA. Thus, the court is unpersuaded that Robert's notice satisfied Leta's obligation under the FTCA. See Saccuci, at *3 (finding that the plaintiff failed to meet the FTCA's jurisdictional prerequisites because she was not identified as a claimant, did not sign as a claimant, and her claim was not included in the body of her spouse's administrative claim).

Moreover, courts that have addressed the question have routinely held that "a spouse's loss of consortium claim must be separately exhausted in order the give the [] court subject-matter jurisdiction." *Wilke v. U.S.*, 2009 WL 590450, at *3 (S.D. Miss. Mar. 5, 2009); *see also Saccuci v. U.S.*, 2008 WL 11338797 (D. Ariz. June 19, 2009); *Pipkin v. U.S. Postal Service*, 951 F.2d 272 (10th Cir. 1991); *Poynter v. U.S.*, 55 F. Supp. 2d 558 (W.D. La. 1999); *Walker v. U.S.*, 471 F. Supp. 38 (D.C. Fla. 1978) *aff'd* 597 F.2d 770 (5th Cir. 1979). Accordingly, the court

finds that Leta failed to meet the FTCA's jurisdictional prerequisites and, consequently, that the court is without jurisdiction to consider her claim.

## Conclusion

Based on the foregoing discussion, the court finds that the defendants' motion to dismiss Leta Storey's claim for lack of jurisdiction is well-taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 7th day of August, 2017.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**